IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HUDSON SURGICAL DESIGN, INC. | ) |
| Plaintiff, | ) ) ) Civil Action No. _____ |
| v. | ) ) |
| DEPUY ORTHOPAEDICS, INC., | ) JURY TRIAL DEMANDED |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, Hudson Surgical Design, Inc. ("Hudson") complains of defendant DePuy Orthopaedics, Inc. ("DePuy") as follows:

## THE PARTIES

1. Hudson is a Washington corporation having its place of business at 3629B Evanston Avenue North, Seattle, Washington 98103.

2. DePuy is an Indiana corporation having a place of business at 700 Orthopaedic Drive, Warsaw, Indiana 46581.

## JURISDICTION AND VENUE

3. This is a complaint for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this complaint under 28 U.S.C. § 1338(a). Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(c).

## PATENT INFRINGEMENT

4. Hudson owns all right, title and interest in, has the sole and exclusive right to enforce, and has standing to sue and recover damages for, infringement of U.S. Patent No. 7,344,541 ("the

'541 patent"), entitled "Methods and Apparatus for Femoral and Tibial Resection" (Ex. 1).

5. The '541 patent was issued by the United States Patent and Trademark Office on March 18, 2008.

6. Hudson previously enforced the '541 patent in this judicial district against Zimmer Holdings, Inc., Zimmer, Inc., Rush University Medical Center and Rush System for Health in *Hudson Surgical Design, Inc. v Zimmer Holdings, et al.*, Civil Action No. 08 C 1566 (N.D. Ill.) ("the Zimmer suit"). The Zimmer suit was concluded on September 21, 2009, following a settlement between Hudson and the Zimmer and Rush defendants.

7. DePuy has designed, made, marketed, provided, distributed, offered for sale, sold and otherwise promoted and encouraged the use of instruments for use in minimally invasive total knee arthroplasty, including, but not limited to, the "Sigma High Performance Instruments" and the "TruMatch Personalized Solutions." These are collectively referred to as the "DePuy MIS TKA instruments."

8. DePuy has designed, made, marketed, provided, distributed and otherwise promoted and encouraged the use of surgical techniques for minimally invasive total knee arthroplasty using the DePuy MIS TKA instruments. These surgical techniques are collectively referred to as the "DePuy MIS TKA techniques."

9. The DePuy MIS TKA instruments were designed, made and adapted, and have been marketed, promoted, provided, distributed, offered for sale and sold, for use in performing the DePuy MIS TKA techniques and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

10. The DePuy MIS TKA techniques were designed, made and adapted, and have been

marketed, promoted, provided and distributed, for use with the DePuy MIS TKA instruments and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

11.     DePuy has designed, made, marketed, provided, distributed and otherwise promoted and encouraged the use of implants for implantation using the DePuy MIS TKA instruments and the DePuy MIS TKA techniques. These implants are collectively referred to as the "DePuy implants."

12.     DePuy has been aware of Hudson's patent rights in the field of MIS TKA since at least June 2008. In March 2008, DePuy announced the launch of its Sigma High Performance Instruments and techniques. In June 2008, Hudson notified DePuy of the '541 patent and its direct relevance to the Sigma High Performance Instruments and techniques. Hudson subsequently attempted to reach an amicable resolution of its claims for infringement against DePuy, but was unsuccessful.

13.     On February 26, 2010, Hudson wrote a letter to DePuy stating that

> DePuy has continued to actively induce and contribute to infringement infringed the '541 patent by making, using, instructing and training others to use, selling, providing, offering for sale, promoting and otherwise encouraging the use of surgical instruments and techniques that are covered by claims of the '541 patent. The surgical instruments include at least the "Sigma High Performance Instruments," and the surgical techniques include at least the "Measured Resection Fixed Reference Surgical Technique."… Other relevant DePuy surgical instruments and techniques that we are currently aware of include the "measured Resection Classic Surgical Technique" for the Sigma High Performance Instruments and the "LCS High Performance Instruments" and corresponding surgical technique.

Hudson also provided DePuy with a chart applying representative claims of the '541 patent to the Sigma High Performance Instruments and the Measured Resection Fixed Reference Surgical Technique.

14.     DePuy has directly infringed at least claims 21-25, 41-49 and 54 of the '541 patent by, among other activities, providing and distributing DePuy MIS TKA instruments, DePuy MIS

TKA techniques and DePuy implants to hospitals, surgeons and others throughout the United States, including in this judicial district.

15. DePuy has actively induced hospitals, surgeons, distributors, sales representatives, sales agents and others to infringe at least claims 21-25, 41-49 and 54 of the '541 patent under 35 U.S.C. § 271(b) by, among other activities, designing and making DePuy MIS TKA instruments, DePuy MIS TKA techniques and DePuy implants; offering for sale, selling, providing and distributing these instruments, techniques and implants to hospitals, surgeons, distributors, sales representatives, sales agents and others throughout the United States, including in this judicial district; and encouraging hospitals, surgeons, distributors, sales representatives, sales agents and others to practice the steps of these claims throughout the United States, including in this judicial district.

16. DePuy has contributed to the infringement of at least claims 21-25, 41-49 and 54 of the '541 patent by hospitals, surgeons, distributors, sales representatives, sales agents and others under 35 U.S.C. § 271(c) by, among other activities, designing and making DePuy MIS TKA instruments, DePuy MIS TKA techniques and DePuy implants; offering for sale, selling, providing and distributing these instruments, techniques and implants to hospitals, surgeons, distributors, sales representatives, sales agents and others throughout the United States, including in this judicial district; and encouraging hospitals, surgeons, distributors, sales representatives, sales agents and others to practice the steps of these claims throughout the United States, including in this judicial district.

17. DePuy has actively induced hospitals, surgeons and others to infringe at least claims 1, 4, 8, 9, 12, 27 and 31 of the '541 patent under 35 U.S.C. § 271(b) by, among other activities,

designing and making DePuy MIS TKA instruments, DePuy MIS TKA techniques and DePuy implants; offering for sale, selling, providing and distributing these instruments, techniques and implants to hospitals, surgeons, distributors, sales representatives, sales agents and others throughout the United States, including in this judicial district; encouraging hospitals, surgeons and others to practice the steps of these claims throughout the United States, including in this judicial district; and training hospitals, surgeons and others to practice the steps of these claims throughout the United States, including in this judicial district.

18. DePuy has contributed to infringement by hospitals, surgeons and others to infringe at least claims 1, 4, 8, 9, 12, 27 and 31 of the '541 patent under 35 U.S.C. § 271(c) by, among other activities, designing and making DePuy MIS TKA instruments, DePuy MIS TKA techniques and DePuy implants; offering for sale, selling, providing and distributing these instruments, techniques and implants to hospitals, surgeons, distributors, sales representatives, sales agents and others throughout the United States, including in this judicial district; encouraging hospitals, surgeons and others to practice the steps of these claims throughout the United States, including in this judicial district; and training hospitals, surgeons and others to practice the steps of these claims throughout the United States, including in this judicial district.

19. DePuy's unlawful acts of infringement of the '541 patent will continue unless enjoined by this Court.

20. Hudson has complied with the marking and notice requirements of 35 U.S.C. § 287.

21. DePuy's infringement of the '541 patent has occurred with knowledge of the '541 patent and willfully, intentionally and deliberately in violation of 35 U.S.C. § 284. As stated above, DePuy was given actual notice of its infringement of the '541 patent in June 2008. DePuy has not

taken steps to avoid infringement; instead, DePuy has continued to infringe the '541 patent in an objectively reckless manner.

22. Hudson has been injured by DePuy's ongoing, willful infringement of the '541 patent and is entitled to recover damages adequate to compensate Hudson for infringement of the '541 patent.

## **REQUESTED RELIEF**

WHEREFORE, Hudson requests that a judgment be entered as follows:

A. An injunction prohibiting DePuy, and all those acting in concert or participation with DePuy, from further acts of infringement of the '541 patent;

B. An award to Hudson of such damages as it can prove at trial against DePuy sufficient to fully and adequately compensate Hudson for the acts of infringement that have occurred, said damages to be no less than a reasonable royalty;

C. An award to Hudson for any damages so determined that are found for willful infringement, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

D. An award to Hudson of costs and its reasonable attorneys' fees; and

E. Such other relief as this Court and the jury may determine to be proper and just.

## JURY DEMAND

A trial by jury is hereby demanded on all issues triable to a jury in this case.

                                               *s/David J. Sheikh*
Christopher J. Lee
David J. Sheikh
Richard B. Megley, Jr.
Laura A. Kenneally
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
(312) 236-0733

**Attorneys for Plaintiff, Hudson Surgical Design, Inc.**